JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| IN RE: DENNIS D. DRAUDT | CASE NO. CV-16-616-MWF<br><br>OPINION AFFIRMING THE BANKRUPTCY COURT'S 2015 ORDER |

Before the Court is a bankruptcy appeal from the United States Bankruptcy Court (the Honorable Neil W. Bason, United States Bankruptcy Judge) (the "Bankruptcy Court"). Appellant Dennis Delmar Draudt appeals from the Bankruptcy Court's Order Granting Motion to Dismiss, which issued on August 6, 2015 (the "2015 Order"). (Notice of Appeal and Statement of Election at 2 (Docket No. 2)).

On July 13, 2016, Appellant filed his Opening Brief. (Docket No. 13). On July 13 and 25, 2016, Appellees Charles Holmes, Neil Katz, Witkin and Eisinger, LLC (the "Foreclosing Appellees"), as well as Appellees Eagle Vista Equities, LLC and Wedgewood Enterprises, Inc. (the "Buyer Appellees") filed their Opposition briefs, respectively. (Docket Nos. 11, 15). On August 3, 2016, Appellant filed a Reply brief. (Docket No. 17).

The Court has reviewed the papers filed in this appeal and held a hearing on **August 8, 2016**. For the reasons stated below, the Court **AFFIRMS** the 2015

1

Order.  The Bankruptcy Court did not err in dismissing Appellant's claims in the adversary proceeding for failure to state a claim.  Furthermore, the Bankruptcy Court did not abuse its discretion in denying Appellant leave to amend when further amendment would have been futile.

## I. BACKGROUND

This appeal arises from the Bankruptcy Court's 2015 Order, which dismissed Appellant's complaint in an adversary proceeding without leave to amend under Federal Rule of Civil Procedure 12(b)(6).

Appellant was the prior owner of certain real property located in Manhattan Beach, California.  (Foreclosing Appellee's Excerpts of Record ("FAER") Ex. 5 ¶ 2 (Docket No. 12)).  In August 2014, Appellee Holmes, who held a third and fourth position Deed of Trust on the property, noticed a non-judicial foreclosure sale of the property after Appellant failed to make payment on the loan.  (*Id.* ¶¶ 10–11).

In September 2014, Appellant filed a Chapter 13 bankruptcy case.  (*Id.* ¶ 12).  After an automatic stay issued in the bankruptcy case, Holmes filed a Motion for Relief from Stay, which the Bankruptcy Court heard on January 6, 2015 (the "January 6 Hearing"), and granted on January 7, 2015 (the "January 7 Order").  (*Id.* ¶ 13; Buyer Appellees' Excerpts of Record ("BAER") Ex. 1 (Docket No. 16)).

At the hearing, the Bankruptcy Court indicated that it would extend the stay on the foreclosure until February 17, 2015, to allow Appellant additional time to obtain refinancing.  (FAER Ex. 10 ("I will do one thing and that is I'm going to extend the deadline to get the refinance done a little bit further . . . .")).  Accordingly, the January 7 Order provided that "Movant must not conduct a foreclosure sale of the Property before (*date*) 2/17/2015."  (FAER Ex. 1).

On January 20, 2015, at Appellant's request, the Bankruptcy Court dismissed the Chapter 13 case.  (*Id.* Ex. 2).

The Foreclosing Appellees proceeded with the foreclosure on the property on January 23, 2015. (*Id.* Exs. 5, 6, 12). At the foreclosure sale, the Buyer Appellees purchased the property. (*Id.* Exs. 5, 6, 12).

In March 2015, Appellant filed an action against the Foreclosing and Buyer Appellees in Los Angeles County Superior Court, which the Foreclosing Appellees then removed to the Bankruptcy Court. (*Id.* Ex. 5). The Foreclosing and Buyer Appellees each filed a Motion to Dismiss under Rule 12(b)(6) (the "Motions"). (*Id.* Exs. 4, 6, 12). The Bankruptcy Court held hearings on the Motions on July 7 and 28, 2015. (BAER Ex. 4). On August 6, 2015, the Bankruptcy Court granted the Motions and dismissed the complaint without leave to amend. (FAER Exs. 11, 13).

On appeal, Appellant challenges the Bankruptcy Court's decision to grant the Motions without leave to amend.

## II. DISCUSSION

### A. Legal Standard

Under Rule 12(b)(6), made applicable in adversary proceedings, as here, through Federal Rule of Bankruptcy Procedure 7012, a bankruptcy court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012. For example, a bankruptcy court may dismiss a complaint as a matter of law for "(1) lack of a cognizable theory[,] or (2) insufficient facts under a cognizable legal claim." *In re Carpenter*, 205 B.R. 600, 604 (B.A.P. 9th Cir. 1997), *aff'd,* 164 F.3d 629 (9th Cir. 1998).

A bankruptcy court's dismissal of an adversary complaint for failure to state a claim under Rule 12(b)(6) is reviewed de novo. *In re EPD Inv. Co., LLC*, 523 B.R. 680, 684 (B.A.P. 9th Cir. 2015). A dismissal without leave to amend is reviewed for abuse of discretion. *Id.* A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support from evidence in the record. *Id.* On appeal, the Court reviews a bankruptcy

court's conclusions of law, including its interpretations of provisions of the Bankruptcy Code and state law, de novo. *Id.*

In examining the Motions brought under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). The Court "accept[s] all well-pleaded allegations of material fact as true and construe[s] them in the light most favorable to the nonmoving party." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 783 (9th Cir. 2012) (holding that the plaintiff had plausibly alleged the existence of an offer even if the disputed communications were "addressed to the general public in the form of advertisements"). The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief. *Iqbal*, 556 U.S. at 679.

The Court need not accept as true, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id.* at 678. Nor is the Court required to accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

As a general rule, "[o]n a motion to dismiss . . ., a court may take judicial notice of facts outside the pleadings." *In re Sihabouth*, No. ADV 13-02016, 2014 WL 2978550, at *3 (B.A.P. 9th Cir. July 2, 2014), *aff'd sub nom. In re: Khamla Sihabouth & Manysay Sihabouth et al.*, No. 13-1378, 2016 WL 3749061 (9th Cir. July 13, 2016). A court may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006). Judicial notice is proper of complaints, court orders, judgments, and other documents filed in other litigation. *Kourtis v. Cameron*, 419 F.3d 989, 995 n.3 (9th Cir. 2005).

### B. Appellant's Opening Brief is Procedurally Defective.

The Court incorporates by reference the detailed discussion in Appellees' Reply brief regarding the procedural deficiencies in Appellant's Opening Brief, including, for example, Appellant's failure to provide citations to the record in his Statement of the Case. (Wedgewood's Reply Brief at 6–8). Instead of dismissing the appeal on procedural grounds, however, in the interest of justice, the Court will reach the merits of the appeal.

Appellant contends that the Bankruptcy Court erred in (1) considering facts beyond the four corners of the complaint; (2) concluding that Appellant failed to state a claim upon which relief could be granted; and (3) concluding that further amendment would be futile. (Opening Brief at 2–3). The Court rejects each argument.

### C. The Bankruptcy Court Did Not Consider Improper Facts Beyond the Four Corners of the Complaint and Materials Subject to Judicial Notice.

Appellant argues that the Bankruptcy Court improperly considered arguments Appellees' counsel made at the hearings regarding the other lienholders and the Buyer Appellees' intention to resell the property. (Opening Brief at 15).

The Court does not interpret the 2015 Order to have turned on these arguments made by counsel. The fact that the senior lienholders had already been paid off through the foreclosure sale was relevant to the Buyer Appellees' additional argument that the complaint should be dismissed for failing to join the other lienholders as indispensable parties in litigation seeking to unwind the foreclosure sale. The fact that the Buyer Appellees intended to resell the property also factored into the Buyer Appellees' argument that Appellant's bad faith and dilatory tactics weighed against granting leave to amend. But, based on the Court's reading of the transcripts, the Bankruptcy Court granted the Motions without leave to amend

5

because Appellant's claims failed as a matter of law and further amendment would have been futile.

Therefore, in ruling on the Motions, the Bankruptcy Court did not consider facts beyond the four corners of the complaint or materials subject to judicial notice.

### D. The Bankruptcy Court Did Not Err in Dismissing Appellant's Claims.

A motion to dismiss can be granted when the plaintiff's claims fail as a matter of law. *See Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (affirming dismissal of ERISA claim under Rule 12(b)(6) when "there is no scenario in which" the retirement plan at issue would "fit[] the definition of an employee pension benefit plan subject to Title I of ERISA").

Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint. *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (affirming dismissal under Rule 12(b)(6) when the good-faith immunity provision under the Stored Communications Act barred claims against internet service provider for disclosing subscriber information to the government pursuant to allegedly invalid subpoenas). "If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under 12(b)(6) is improper." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

Here, the Bankruptcy Court properly concluded that, even drawing all inferences in Appellant's favor, the claims asserted failed as a matter of law.

#### 1. First, Second, and Third Claims for Relief

Appellant's first claim (wrongful foreclosure), second claim (deed cancellation), and third claim (quiet title) all rest on the flawed premise that the stay entered on January 7, 2015, remained effective even after the Chapter 13 case was dismissed on January 20, 2015. According to Appellant, because the stay

purportedly remained in effect through February 17, 2015, the foreclosure sale on January 23, 2015, was legally void. At the hearing, counsel for Appellant also emphasized repeatedly that the Bankruptcy Court had issued an order staying the foreclosure until February 17, 2015.

As Appellees correctly point out, however, **by operation of law**, the stay terminated upon the Bankruptcy Court's dismissal of Appellant's Chapter 13 case. *See* 11 U.S.C. § 349(b)(3) (dismissal of bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title"); *id.* § 362(c)(1) ("[T]he stay of an act against property of the estate . . . continues until such property is no longer property of the estate . . . ."); *In re Sports & Sci., Ind., Inc.*, 95 B.R. 745, 747 (Bankr. C.D. Cal. 1989) ("[Section] 349(b) attempts to place the parties in the same position they had prior to the commencement of the case."); *cf. In re Szanto*, No. AP 3:14-05003-GWZ, 2016 WL 3256989, at *7 (B.A.P. 9th Cir. June 3, 2016) ("The automatic stay terminated when the court dismissed the underlying bankruptcy case in May 2014.").

In his briefs and at the hearing, Appellant has offered no case law to the contrary. Instead, Appellant argues that he "is only required to state in his complaint only enough facts to establish a legally cognizable claim, and nothing more." (Opening Brief at 16). This statement ignores, however, the well-established rule that the Court does not need to accept as true allegations in the complaint that are directly contradicted by documents subject to judicial notice. *See Mullis*, 828 F.2d at 1388. Here, the Bankruptcy Court's own order dismissing the Chapter 13 case was certainly a document subject to judicial notice. Under § 349(b) and § 362(c)(1), the Bankruptcy Court did not err when it rejected Appellant's contention that the stay continued to apply even after the case was dismissed.

The Court is sympathetic to Appellant's quandary and the losses he suffered as a result of the foreclosure sale. But Appellant requested that the Bankruptcy

7

Court dismiss his Chapter 13 case; he must bear the consequences flowing from that decision.

Appellant's first, second, and third claims against Witkin and Eisinger fail for the additional reason that the actions taken by trustees in non-judicial foreclosure proceedings are generally privileged under California Civil Code sections 47, 2924(b), and 2924(d). *Cisneros v. Instant Capital Funding Grp., Inc.*, 263 F.R.D. 595, 610 (E.D. Cal. 2009) ("Section 2924(d) renders as California Civil Code section 47 'privileged communications' the 'mailing, publication, and delivery' of foreclosure notices and 'performance' of foreclosure procedures."); *Shelby v. Ocwen Loan Serv., LLC*, No. 2:14-2844 TLN DAD, 2015 WL 5023020, at *4 (E.D. Cal. Aug. 24, 2015) (dismissing the plaintiff's wrongful foreclosure claim because the trustee was entitled to immunity under section 2924(b) for "carrying out its routine duties as trustee" in furtherance of the non-judicial foreclosure and the plaintiffs had failed to substantiate allegations of malice or any other exception to immunity); *Lundy v. Selene Finance LP*, No. 15-5676 JST, 2016 WL 1059423, at *5 (N.D. Cal. Mar. 17, 2016) (dismissing the plaintiff's claims against the trustee because they were "based entirely on [the trustee's] role in initiating foreclosure proceedings at the direction of the other Defendants" and the plaintiff identified no allegations that the trustee "acted with malice or in bad faith in discharging its duties as trustee and initiating foreclosure proceedings"). Even Appellant's proposed amended complaint did not allege any conduct by Witkin and Eisinger that would fall outside the immunity afforded it as a trustee involved in a non-judicial foreclosure sale. (FAER Ex. 10).

Furthermore, Appellant's first, second, and third claims against Eagle Vista and Wedgewood also fail for the additional reason that the complaint fails to allege that Eagle Vista and Wedgewood were not bona fide purchasers of the property. *See, e.g.*, *Melendrez v. D & I Inv., Inc.*, 127 Cal. App. 4th 1238, 1255, 26 Cal. Rptr. 3d 413, 427 (2005) (rejecting debtors' attempt to set aside non-judicial foreclosure

sale against bona fide purchaser); *Denike v. Santa Clara Valley Agr. Society*, 9 Cal. App. 228, 232, 98 P. 687 (1908) (holding that a complaint seeking cancellation of a deed must allege that the defendants are not bona fide purchasers).

Therefore, the Bankruptcy Court did not err in dismissing the first, second, and third claims for relief.

### 2. Fifth Claim for Relief

Appellant's fifth claim for breach of "stipulated court agreement" fails as a matter of law because Appellant's allegations are directly contradicted by the transcript from the January 6 Hearing. Appellant's fifth claim is premised on the allegation that Katz had made an oral promise at the hearing to stay the foreclosure until February 17, 2015. (FAER Ex. 10). As is evident from the transcript, which is subject to judicial notice, Katz did not agree to stay the foreclosure until February 17, 2015. In fact, Katz specifically objected to the stay on the record. (*Id.* ("[T]he only evidence before the Court is a loan commitment that says it will close by January 9. That's all that's in front of the Court. That's in three days. They haven't even filed a motion to approve a refinance . . . . So giving to February 7 is still extra time. There is really no justification for the 17th.")). The Court does not need to accept as true Appellant's allegations when they are contradicted by the face of the transcript. The transcript forecloses the plausibility of allegations that Katz made an oral promise to stay the foreclosure until February 17, 2015. Therefore, the Bankruptcy Court did not err in dismissing the fifth claim for relief.

Because the Court concludes that the fifth claim fails as a matter of law, the Court need not reach the issue of whether the litigation privilege bars a claim for breach of contract arising from an attorney's statements made at the hearing. *Cf. Wentland v. Wass*, 126 Cal. App. 4th 1484, 1494, 25 Cal. Rptr. 3d 109 (2005) (discussing the differences in California case law regarding the application of the litigation privilege to claims that sound in contract rather than tort).

### 3. Fourth Claim for Relief

Finally, Appellant's fourth claim for an accounting also fails because "[u]nder California law, '[t]he right to accounting is derivative and depends on the validity of a plaintiff's underlying claims.'" *Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215, 1221 (N.D. Cal. 2011). Where, as here, Appellant's underlying claims fail as a matter of law, the Bankruptcy Court did not err in also dismissing the claim for an accounting. *Id.*

### E. The Bankruptcy Court Did Not Err in Concluding that Further Amendment Would Be Futile.

"[A] determination that any amendment would be futile requires the trial court to dismiss the complaint with prejudice." *In re Tracht Gut, LLC*, 503 B.R. 804, 815 (B.A.P. 9th Cir. 2014).

The proposed amended complaint that was attached to Appellant's Motion for Leave to File an Amended Complaint did not contain any new allegations that would alter the Bankruptcy Court's conclusion that Appellant's claims fail as a matter of law. Even here, on appeal, Appellant has not identified any additional allegations that would, if included in an amended complaint, overcome the legal deficiencies identified by the Bankruptcy Court. Appellant's only argument is that "[g]ranting a motion to dismiss should not be based on opposing party's arguments, but instead should look to the complaint and be decided based on the facts and allegations alleged." (Opening Brief at 16).

At the hearing, counsel for Appellant argued that Appellant should have had an opportunity to allege facts, in support of his first, second, and third claims, that the Buyer Appellees were not bona fide purchasers. Had this deficiency been the only defect in these claims, perhaps leave to amend should have been granted. But, fundamentally, Appellant's first, second, and third claims rest on the flawed premise that the stay remained legally effective even after the Bankruptcy Court dismissed Appellant's Chapter 13 case. Appellant cannot state a cognizable theory for relief as

10

a matter of law, and, for this reason, leave to amend would not have saved Appellant's claims.

The Bankruptcy Court did not abuse its discretion in declining to allow Appellant an opportunity to file an amended complaint because any amendment would have been a futile gesture. *In re Tracht Gut, LLC*, 503 B.R. at 815 (affirming bankruptcy court's dismissal without leave to amend in part because of futility of amendment).

### III. CONCLUSION

Accordingly, the Court **AFFIRMS** the decision of the Bankruptcy Court.

IT IS SO ORDERED.

DATED: August 12, 2016

_____
MICHAEL W. FITZGERALD
United States District Judge

CC: Bankruptcy Court